```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
```

**MICHAEL NELSON**                                        **CIVIL ACTION**

**VERSUS**                                                **NO. 05-5248**

**CITY OF HAMMOND, ET AL**                                **SECTION "S"(5)**


                        REPORT AND RECOMMENDATION

Plaintiff, Michael Nelson, a prisoner currently incarcerated in the Federal Correctional Center located in Yazoo City, Mississippi, filed this *pro se* and *in forma pauperis* complaint pursuant to 42 U.S.C. §1983, complaining about the constitutionality of his convictions arising from an April 22, 1991 trial in Hammond City Court on the misdemeanor charges of resisting arrest and theft of goods valued at less than $100.[1]  Nelson has named as defendants the City of Hammond, along with the trial judge, John Kopfler, the prosecutor, Scott Perrilloux, and Hammond police officers Kenneth

---

[1] In connection with those convictions, Nelson was sentenced to 60 days incarceration and fined $250.00.

Corkern, Glenn Hauck, and "Ballard".[2]  Along with the above city officials, Nelson has also named as defendants Gordon Causey, whose representation of Nelson in connection with his April 22, 1991 trial was allegedly ineffective, and Frank Cali, whose alleged false testimony led to Nelson's wrongful convictions.

An *in forma pauperis* complaint may be dismissed if it is determined that the allegation of poverty is untrue, or if the action or appeal is frivolous, malicious, fails to state a claim for which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. §1915(e)(2).  The court has broad discretion in determining the frivolous nature of the complaint.  *See Cay v. Estelle*, 789 F.2d 318 (5th Cir. 1986), *modified on other grounds by Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993).  In doing so, the court has ". . . not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989); *see also Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).  Thus, a complaint is frivolous "if it

---

[2]Nelson has not provided the court with Officer Ballard's first name.

lacks an arguable basis in law or fact." *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994) (citation omitted); *Booker*, 2 F.3d at 116.

In his *pro se* §1983 complaint, which must be construed broadly,[3] Nelson claims that he was falsely arrested, maliciously prosecuted, and wrongfully convicted on the above-described misdemeanor charges. In support of his claim, Nelson points to the fact that on July 30, 2003, in connection with his "out-of-time appeal", the Twenty-First Judicial District Court for the Parishes of Livingston, St. Helena, and Tangipahoa, State of Louisiana, "vacated and dismissed" his 1991 misdemeanor convictions.[4] Nelson complains, however, that prior to July 30, 2003, these invalid state convictions were improperly used to enhance his federal sentence. According to Nelson, this enhancement resulted in his receiving a federal prison sentence which was three years longer than it would have been had he not had these unlawful misdemeanor convictions on his record. Further, Nelson claims that the "cost"

---

[3]The court must liberally construe a *pro se* civil rights complaint. *See Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994).

[4]*See* Federal rec., doc. 1, Nelson's "Statement of Claims" at p. 4. The City of Hammond and the Hammond City Court, the court from which Nelson's misdemeanor convictions originated, are located within the confines of Tangipahoa Parish which is under the jurisdiction of the Twenty-First Judicial District Court.

of his federal conviction was increased by "at least $1050.00".[5]

The law is well-settled that because §1983 has no statute of limitations, one must look to state law, specifically, the forum state's personal injury limitations period, for purposes of determining the applicable prescriptive period with respect to a §1983 lawsuit filed in federal court.  *See Morales v. Louisiana*, 1996 WL 442229, *4 (E.D. La. 1996) (Vance, J.) (citing *Wilson v. Garcia*, 471 U.S. 261, 266-67 (1985); *Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994) (district courts should use forum state's personal injury limitations period)).  For personal injury claims, Louisiana law provides for a one-year prescriptive period.  *See Freeze v. Griffith*, 849 F.2d 172, 175 (5th Cir. 1988).

It is equally well-settled that for purposes of determining, with respect to §1983 actions, when prescription commences to run, one must look to federal law.  *Morales* at *4 (citing *Moore*, 30 F.3d at 620-21; *Helton v. Clements*, 832 F.2d 332, 334 (5th Cir. 1986)).  "Under federal law, a cause of action accrues 'the moment the plaintiff knows or has reason to know of the injury that is the basis of his complaint.'"  *Morales*, 1996 WL at *4 (quoting *Helton*, 832 F.2d at 334-35.)  *See also Montgomery v. Louisiana*, 2002 WL 1973820, *2 (5th Cir. 2002); *Sheehan v. Ryan*, 111 F.Supp.2d 792,

---

[5]*See* Federal rec., doc. 1, Nelson's "Statement of Claims" at p. 4.

794 (W.D. La. 2000) (Little, CJ.).

In the matter at hand, Nelson knew of the injury, his unlawful 1991 misdemeanor convictions, which serves as the basis of his §1983 complaint, on July 30, 2003, the date said convictions were "vacated and dismissed".[6] Nelson, however, waited over two years, until October 11, 2005, to file the instant action.[7] Accordingly, Nelson's §1983 claims seeking, in part, damages in the amount of $1,580,000.00, are clearly time-barred.

Alternatively, even if the instant action was not time-barred, Nelson's claims against particular defendants would nevertheless be subject to dismissal. For more than one hundred years, judges have been held immune from liability for judicial acts done within their jurisdiction. *Stump v. Sparkman*, 435 U.S. 349, 356 (1978) (citing

---

[6]*See* discussion *supra* at p. 3.

[7]This October 11, 2005 filing date was ascertained via the court's use of the "mailbox rule."  Under this rule, a pleading filed by a prisoner acting *pro se* is considered to be filed for prescriptive purposes on the date it is delivered to prison officials for mailing, rather than the date it is received by the court.  *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995).  Generally, the date a prisoner signs his petition is presumed to be the date he delivered it to prison officials for mailing.  *See Colarte v. Leblanc*, 40 F.Supp.2d 816, 817 (E.D. La. 1999) (assumed that petitioner turned his habeas corpus application over to prison officials for delivery to this Court on the date he signed his application); *Magee v. Cain*, 2000 WL 1023423, *4 n.2 (E.D. La. 2000) (inferred that filing date and signature date of habeas petition were the same); *Punch v. State*, 1999 WL 562729, *2 n.3 (E.D. La. 1999) (may reasonably be inferred that prisoner delivered habeas petition to prison officials for mailing on date he signed petition).

*Bradley v. Fisher*, 80 U.S. 335 (1871)); *Mays v. Sudderth*, 97 F.3d 107, 110 (5th Cir. 1996).  "A judge, of whatever status in the judicial hierarchy, is immune from suit for damages resulting from any acts performed in his judicial role."  *Ammons v. Baldwin*, 705 F.2d 1445, 1447 (5th Cir. 1983) (citations omitted); *accord Mays*, 97 F.3d at 110-11.  This judicial immunity applies even if a judge is accused of acting maliciously or corruptly.  *Stump*, 435 U.S. at 356-57; *Pierson v. Ray*, 386 U.S. 547, 554 (1967), *overruled in part on other grounds by Harlow v. Fitzgerald*, 457 U.S. 800 (1982), *as recognized by Hill v. Shelander*, 992 F.2d 714, 716 (7th Cir. 1993); *Mays*, 97 F.3d at 110-11.  Judicial officers are absolutely immune from liability for damages unless they are without jurisdiction. *Id.* at 111; *Dayse v. Schuldt*, 894 F.2d 170, 172 (5th Cir. 1990); *Freeze v. Griffith*, 849 F.2d 172, 175 (5th Cir. 1988).  Clearly, Nelson's claim against Kopfler, arising from his actions in presiding over Nelson's 1991 misdemeanor trial, fall under the broad category of claims for which Judge Kopfler is immune from liability.

Similarly, prosecutors are entitled to absolute immunity for acts performed as advocates of the state.  *Imbler v. Pachtman,* 424 U.S. 409, 430-31 & n. 33 (1976).  Thus, defendant Perrilloux, whose alleged unlawful actions arose in connection with his 1991 prosecution of Nelson, is likewise entitled to immunity.

With respect to defendant Causey, who represented Nelson at his 1991 misdemeanor trial, and defendant Cali, who testified against Nelson at his 1991 misdemeanor trial, it is well-established that to be liable under §1983 for violating a plaintiff's civil rights, a defendant must be acting under color of state law.[8]  A defense attorney, whether retained or court appointed, does not act under color of state law when performing a lawyer's traditional functions as counsel in a criminal proceeding. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981) (footnote omitted); *see also Russell v. Millsap*, 781 F.2d 381, 383 (5th Cir. 1985); *Rankin v. Server*, 2001 WL 322517, *1 (E.D. Pa. 2001).  Likewise, a private individual, such as witness, Frank Cali, is not generally considered to be a "state actor" for purposes of being susceptible to liability under §1983.  *See Barnes v. Lehman*, 861 F.2d 1383 (5th Cir. 1988).

---

[8] Section 1983 of the United States Code, Title 42, provides that:
> Every person who, **under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia**, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. [Emphasis added.]

Finally, in addition to monetary damages, Nelson seeks injunctive relief. Specifically, Nelson seeks to have this court reduce the enhanced sentence imposed upon him in 1995 in the Eastern District of Louisiana as a result of his conviction in *United States of America v. Michael Nelson, et al*, Criminal Action 93-055 "J", since the enhancement was based upon his vacated 1991 state misdemeanor convictions. However, the proper vehicle for seeking such relief is not via an unrelated civil rights action, but rather, via a motion filed in the criminal action from which the challenged enhanced sentence arises.

Accordingly;

## RECOMMENDATION

It is hereby **RECOMMENDED** that plaintiff's §1983 action be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996)

(*en banc*).

New Orleans, Louisiana, this ___4th___ day of __October__, 2005.

   ALMA L. CHASEZ
   UNITED STATES MAGISTRATE JUDGE